IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-U.S.
DISTRICT COURT

05 NOV 10  PM 3: 21

TX EASTERN-MARSHALL

BY_____

MICROLINC, L.L.C., )
a Delaware Limited Liability Company, )
)
Plaintiff, )
)
v. )
)
ACER AMERICA CORPORATION, )
a California Corporation, )
)
ADVANCED MICRO DEVICES, INC., )
a Delaware Corporation, )
)
ATI TECHNOLOGIES, INC., )
a Delaware Corporation, )
)
DELL, INC., )
a Delaware Corporation, )
)
GATEWAY, INC., )
a Delaware Corporation, )
)
HEWLETT-PACKARD COMPANY, )
a Delaware Corporation, )
)
INTEL CORPORATION, )
a Delaware Corporation, )
)
NVIDIA CORPORATION, )
a Delaware Corporation, )
)
SONY CORPORATION OF AMERICA, )
a New York Corporation, )
)
SONY ELECTRONICS, INC., )
a Delaware Corporation, )
)
TOSHIBA AMERICA, INC., )
a Delaware Corporation, and )
)
TOSHIBA AMERICA INFORMATION )

Civil Action No. 2 - 0 5 C V - 5 1 4

JURY DEMAND REQUESTED  *LED*

1

SYSTEMS, INC.,                              )
a California Corporation,                    )
                                             )
           Defendants.                       )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, MICROLINC, L.L.C., by its attorneys, hereby complains against Defendants, ACER AMERICA CORPORATION, ADVANCED MICRO DEVICES, INC., ATI TECHNOLOGIES, INC., DELL, INC., GATEWAY, INC., HEWLETT-PACKARD COMPANY, INTEL CORPORATION, NVIDIA CORPORATION, SONY CORPORATION OF AMERICA, SONY ELECTRONICS, INC., TOSHIBA AMERICA, INC., and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., as follows:

### I.

### The Parties

1.      Plaintiff, MICROLINC, L.L.C. ("MICROLINC"), is a Delaware Limited Liability Company with a place of business in Plano, Texas.

2.      Defendant ACER AMERICA CORPORATION ("ACER") is, on information and belief, a company established under the laws of the state of California, with its principal place of business at 2641 Orchard Parkway, San Jose, California, 95134, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business ACER generates substantial revenue.

3.      Defendant ADVANCED MICRO DEVICES, INC. ("AMD") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of business at One AMD Place, Sunnyvale, California, 94088, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling microprocessors, chips and/or chipsets which incorporate a packet-based data channel for connection with various peripherals, the aforementioned microprocessors, chips and/or chipsets being used by

2

customers of AMD in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, and from which business AMD generates substantial revenue.

4. Defendant ATI TECHNOLOGIES, INC. ("ATI") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of business at One Commerce Valley Drive East, Markham, Ontario, Canada L3T 7X6, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling chips and/or chipsets which incorporate a packet-based data channel for connection with a microprocessor and/or various peripherals, the aforementioned chips and/or chipsets being used by customers of ATI in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, and from which business ATI generates substantial revenue.

5. Defendant DELL, INC. ("DELL") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas, 78682, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business DELL generates substantial revenue.

6. Defendant GATEWAY, INC. ("GATEWAY") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of business at 7565 Irvine Center Drive, Irvine, California, 92618, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling personal computers systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business GATEWAY generates substantial revenue.

7. Defendant HEWLETT-PACKARD COMPANY ("HP") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of

3

business at 3000 Hanover Street, Palo Alto, California, 94304, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business HP generates substantial revenue.

8. Defendant INTEL CORPORATION ("INTEL") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95052, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling chips and/or chipsets and motherboards, which are used by INTEL's customers in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, a substantial portion of which incorporate a packet-based data channel between a microprocessor and various peripherals, and from which business INTEL generates substantial revenue.

9. Defendant NVIDIA CORPORATION ("NVIDIA") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of business at 2701 San Tomas Expressway, Santa Clara, California, 95050, and is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling chips and/or chipsets which incorporate a packet-based data channel for connection with a microprocessor and/or various peripherals, the aforementioned chipsets being used by customers of NVIDIA in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, and from which business NVIDIA generates substantial revenue.

10. Defendant SONY CORPORATION OF AMERICA ("SCA") is, on information and belief, a company established under the laws of the state of New York, with its principal place of business at 550 Madison Avenue, New York, New York, 10022. Defendant SONY ELECTRONICS, INC. ("SEI") is, on information and belief, a company established under

4

the laws of the state of Delaware, with its principal place of business at One Sony Drive, Park Ridge, New Jersey, 07656. SCA and SEI are hereinafter collectively referred to as SONY. SONY is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business SONY generates substantial revenue.

11. Defendant TOSHIBA AMERICA, INC. ("TAI") is, on information and belief, a company established under the laws of the state of Delaware, with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New York 10020. Defendant TOSHIBA AMERICA INFORMATION SYSTEMS, INC. ("TAIS") is, on information and belief, a company established under the laws of the state of California, with its principal place of business at 9740 Irvine Boulevard, Irvine, California, 92618. TAI and TAIS are hereinafter collectively referred to as TOSHIBA. TOSHIBA is doing business in this judicial district and is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business TOSHIBA generates substantial revenue.

## II.

### Jurisdiction and Venue

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. §§1, *et seq.*

13. Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b) because events giving rise to these claims occurred in this District and the Defendants "reside" in this District as they are subject to personal jurisdiction in this District. Venue is also appropriate because infringing products are sold in the Eastern District of Texas through established distribution channels.

## III.

### Claims

14. On December 28, 1999, United States Patent Number 6,009,488 (the '488 patent) was duly and legally issued for an invention entitled "Computer Having Packet-Based Interconnect Channel." At issuance, MICROLINC owned, by assignment, the '488 patent and continues to hold all rights and interest in the '488 patent. A true and correct copy of the '488 patent as issued is attached hereto as Exhibit A.

15. The '488 patent discloses and claims pioneering inventions in the field of high performance packet-based interconnects between microprocessors and peripheral devices including; 1) mass storage devices, 2) input / output devices, and 3) devices with random access memory.

16. INTEL is engaged in the business of manufacturing, assembling and selling chips and/or chipsets and motherboards which are used by INTEL's customers in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, a substantial portion of which incorporate a packet-based data channel between a microprocessor and

6

various peripherals, and from which INTEL generates substantial revenue. INTEL reports that it generated $34.2 billion dollars in 2004 and more than $28.5 billion dollars in the first three quarters of 2005 in revenue from the sale of its products, a substantial portion of this revenue, on information and belief, being related to sales which induce and contribute to infringement of the '488 patent.

17. INTEL, upon information and belief, had knowledge of the '488 patent since at least September 2003.

18. INTEL contributed to the infringement of the '488 patent by manufacturing, assembling and selling chips and/or chipsets and motherboards for use by its customers in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations with structures that are covered by and claimed in the '488 patent in violation of 35 U.S.C. §271. For example, INTEL contributes to the infringement of the '488 patent by manufacturing, assembling and selling the i915PM branded Mobile Chipset for use in mobile PCs.

19. INTEL actively induced and continues to induce the infringement of the '488 patent by distributing PCI-EXPRESS reference literature, such as, for example, the "PCI Express Architecture Initiative Overview," which encourages and teaches the creation of computer systems that infringe the '488 patent.

20. AMD is engaged in the business of manufacturing, assembling and selling microprocessors, chips and/or chipsets which incorporate a packet-based data channel, commonly known as HyperTransport, for connection with various peripherals, where the aforementioned microprocessors, chips and/or chipsets are used by customers of AMD in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, and from which business it generates substantial revenue. AMD reports that it generated $5 billion dollars in 2004 and more than $4 billion dollars in the first three quarters of 2005 in revenue from the sale of its

products, a substantial portion of this revenue, on information and belief, being related to sales which induce infringement of the '488 patent.

21. AMD actively induced and continues to induce the infringement of the '488 patent by distributing reference literature, such as, for example, the "Builder's Guide for AMD Athlon 64 Processor-Based Desktops and Workstations," which encourages and teaches the creation of computer systems that infringe the '488 patent.

22. ATI is engaged in the business of manufacturing, assembling and selling chips and/or chipsets which incorporate packet-based data channels, commonly known as HyperTransport or PCI-EXPRESS, for connection with a microprocessor or various peripherals, where the aforementioned chips and/or chipsets are used by customers of ATI in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and workstations, and from which business ATI generates substantial revenue. ATI reports that it generated $2 billion dollars in 2004 and more than $2.2 billion dollars in 2005 in revenue from the sale of its products, a substantial portion of this revenue, on information and belief, being related to sales which induce infringement of the '488 patent.

23. ATI actively induced and continues to induce infringement of the '488 patent by its manufacture, sale, importation, and/or offer for sale of chips and/or chipsets which enable the creation of computer systems that infringe the '488 patent, including, but not limited to, ATI's Radeon Xpress 200 series chipset.

24. NVIDIA is engaged in the business of manufacturing, assembling and selling chips and/or chipsets which incorporate packet-based data channels, commonly known as HyperTransport or PCI-EXPRESS, for connection with a microprocessor and/or various peripherals, where the aforementioned chips and/or chipsets are used by customers of NVIDIA in high-performance and value desktop and mobile PCs, and entry-level to high-end servers and

8

workstations, and from which business NVIDIA generates substantial revenue. NVIDIA reports that it generated $2 billion dollars in 2004 and more than $1 billion dollars in the first two quarters of 2005 in revenue from the sale of its products, a substantial portion of this revenue, on information and belief, being related to sales which induce infringement of the '488 patent.

25. NVIDIA actively induced and continues to induce infringement of the '488 patent by its manufacture, sale, importation, and/or offer for sale of chips and/or chipsets which enable the creation of computer systems that infringe the '488 patent, including but not limited to, NVIDIA's NF4 SLI, NFORCE4 SLI, and NFORCE4 branded chipsets.

26. ACER is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business ACER generates substantial revenue. ACER reports that it generated more than $347 million dollars in revenue in 2003 from the sale of its personal computer systems, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '488 patent.

27. ACER has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent, including but not limited to, ACER's TravelMate 4402 WLMi Notebook Computer.

28. DELL is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business DELL generates substantial revenue. DELL reports that it generated more than $41 billion dollars in revenue in its fiscal year 2004 and more than $49 billion dollars in revenue in its fiscal year 2005 from the sale of its

9

personal computer systems, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '488 patent.

29      DELL has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent, including but not limited to, DELL's XPS 400 Desktop Computer.

30.     GATEWAY is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business GATEWAY generates substantial revenue. GATEWAY reports that it generated $3.6 billion dollars in 2004 and more than $2.7 billion dollars in the first three quarters of 2005 in revenue from the sale of its products, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '488 patent.

31.     GATEWAY has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent, including but not limited to, GATEWAY's NX850X Notebook Computer.

32.     HP is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business HP generates substantial revenue. HP reports that it generated $79 billion dollars in 2004 and more than $62 billion dollars in the first three quarters of 2005 in revenue from the sale of its products, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '488 patent.

10

33. HP has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent, including but not limited to, HP's ZD8230 Notebook Computer.

34. SONY is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business SONY generates substantial revenue. SONY reports that it generated $18 billion dollars in 2005 in revenue from the sale of its products in North America, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '488 patent.

35. SONY has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent, including but not limited to, SONY's VAIO VGN-FS760 Notebook Computer.

36. TOSHIBA is engaged in the business of manufacturing, assembling and selling personal computer systems which incorporate a packet-based data channel between a microprocessor and various peripherals, from which business TOSHIBA generates substantial revenue.

37. TOSHIBA has infringed and continues to infringe the '488 patent by its manufacture, use, sale, importation, and/or offer for sale of computer systems that incorporate the invention disclosed and claimed in the '488 patent, including but not limited to, TOSHIBA's Tecra M3-S336 Notebook Computer.

38. More particularly, computer systems manufactured, used, sold, imported, and/or offered for sale by ACER, DELL, GATEWAY, HP, SONY and TOSHIBA which

incorporate chips, chipsets and/or motherboards sold by AMD, ATI, NVIDIA, and/or INTEL, infringe at least claims 1, 2, 3, 5, 6, 7, 8, 9, 10 and 11 of the '488 patent.

39.     The Defendants' acts of infringement have caused damage to MICROLINC, and MICROLINC is entitled to recover from Defendants the damages sustained by MICROLINC as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of MICROLINC's exclusive rights under the '488 patent will continue to damage MICROLINC, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

40      Upon information and belief, infringement by at least INTEL of the '488 patent is willful and deliberate, entitling MICROLINC to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

## IV.

### Jury Demand

41.     MICROLINC demands a trial by jury.

## V.

### Relief

WHEREFORE, the Plaintiff, MICROLINC, L.L.C., requests entry of judgment in its favor and against ACER, AMD, ATI, DELL, GATEWAY, HP, INTEL, NVIDIA, SCA, SEI, TAI, and TAIS as follows:

(a)     Declaration that United States Letter Patent No. 6,009,488 is good and valid in law;

(b)     Declaration that ACER, AMD, ATI, DELL, GATEWAY, HP, INTEL, NVIDIA, SCA, SEI, TAI, and TAIS have infringed United States Letter Patent No. 6,009,488;

12

(c)     Preliminarily and permanently enjoining ACER, AMD, ATI, DELL, GATEWAY, HP, INTEL, NVIDIA, SCA, SEI, TAI, and TAIS, and the respective officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of Unites States Letter Patent No. 6,009,488;

(d)     Awarding the damages arising out of ACER's, AMD's, ATI's, DELL's, GATEWAY's, HP's, INTEL's, NVIDIA's, SCA's, SEI's, TAI's and TAIS's past and present infringement of United States Letter Patent No 6,009,488, including enhanced damages pursuant to 35 U.S.C. §284 for willful and deliberate infringement, to MICROLINC, together with prejudgment and post-judgment interest, in an amount according to proof;

(e)     A judgment that this case is exceptional under 35 U.S.C. § 285, and that MICROLINC is entitled to an award of reasonable attorney's fees in the prosecution of its action; and

(f)     For such other costs and further relief as the Court may deem proper and just

Dated: _11-10-05_

By: _____
Franklin Jones, Jr
JONES & JONES, INC.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
(903) 938-4395 Telephone
(903) 938-3360 Facsimile
Email: maizieh@millerlawfirm.com

13

Joseph M. Vanek
David P. Germaine
DAAR & VANEK, P.C.
225 West Washington, Suite 1850
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile

Eugene M. Cummings
David M. Mundt
David Lesht
Martin Goering
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
One North Wacker, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile

ATTORNEYS FOR PLAINTIFF
MICROLINC, LLC